UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON, | No. 2:24-cv-1513 CSK P |
| Plaintiff, | |
| v. | ORDER |
| GARCIA, | |
| Defendant. | |

Plaintiff is a jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On June 3, 2024, the Court ordered plaintiff to (1) file an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the court's filing fee, and (2) file a complaint bearing his signature. (ECF No. 3.) On June 24, 2024, plaintiff submitted his signed original complaint, and requested leave to proceed in forma pauperis. (ECF Nos. 4, 5.)

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the Sacramento County Main Jail although it is not clear whether he was a pretrial detainee or serving a sentence. Plaintiff sues Sacramento County Sheriff's Deputy Garcia, Badge #211.

Plaintiff alleges that he wrote a grievance about the way defendant was speaking to plaintiff "when a simple no not right now would have sufficed." (ECF No. 4 at 3.) Defendant "then said go to your cell," which plaintiff claims he respectfully did. (Id.) After plaintiff was in his cell, plaintiff alleges defendant said, over plaintiff's cell intercom, "[i]f I'm not mistaken, you cursed at me." (Id.) Plaintiff responded, "leave me alone," which defendant did until plaintiff wrote him up. (Id.) The next day, plaintiff alleges defendant wrote plaintiff up for giving food to another inmate, falsely accusing plaintiff of running a store. Subsequently plaintiff alleges that defendant wrote plaintiff up for aiding, abetting, or planning to violate facility rules, and then for insubordination/disobedience toward staff. Plaintiff claims that right after defendant warned plaintiff not to write kites, despite plaintiff not writing any further kites, defendant wrote plaintiff up for writing a kite to another inmate. Plaintiff alleges that these false write-ups are harassment, and defendant continues to harass plaintiff. Plaintiff states he is no longer qualified to be a houseman and has twice been accused and found guilty of things he did not do. Plaintiff claims defendant's actions violate the Fifth, Eighth and Fourteenth Amendments, and also marked the box "retaliation." Id.

As relief, plaintiff seeks money damages.

3

III.     DISCUSSION

Plaintiff is advised that allegations of harassment are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable)).  Further, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

On the other hand, plaintiff has a First Amendment right to file grievances and to be free from retaliation for filing grievances.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).

A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, plaintiff must demonstrate a nexus between the alleged retaliatory act and the protected activity.  Grenning v. Klemme, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).  "The Rhodes standard for retaliation claims applies equally to pretrial detainees."  Chavez v. Kings Cnty., 2020 WL 4936911, at *9 (E.D. Cal. Aug. 24, 2020) (citing Grenning v. Bisson, 382 F. App'x 574, 575 (9th Cir. 2010)) (applying Rhodes to reverse dismissal of pretrial detainee's retaliation claim), report and recommendation adopted, 2020 WL 7074807 (E.D. Cal. Dec. 3, 2020).

Here, plaintiff cites various Constitutional amendments he alleges were violated by defendant Garcia, but plaintiff's claim of retaliation falls squarely under the First Amendment. In his complaint, plaintiff did not address all of the elements required under Rhodes. For example, plaintiff does not allege if or how defendant Garcia became aware of plaintiff's grievance about defendant before defendant wrote plaintiff up. In addition, plaintiff did not allege that defendant retaliated against plaintiff because he engaged in protected conduct. Therefore, plaintiff's complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3.  Plaintiff's complaint (ECF No. 4) is dismissed.

       4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

            a.  The completed Notice of Amendment; and

            b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  July 31, 2024

                                                      CHI SOO KIM
                                                      UNITED STATES MAGISTRATE JUDGE

/1/jack1513.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>GARCIA,<br><br>   Defendant. | No. 2:24-cv-1513 CSK P<br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff