1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ELIJAH LEE JACKSON,                      No.  2:24-cv-1513 CSK P

12                 Plaintiff,

13         v.                                  ORDER

14    GARCIA,

15                 Defendant.

16

17         Plaintiff is a county jail inmate proceeding pro se and in forma pauperis.  On July 31,

18    2024, plaintiff's complaint was dismissed with leave to amend.  (ECF No. 7.)  Plaintiff's first

19    amended complaint is before the Court.  As discussed below, plaintiff's first amended complaint

20    is dismissed with leave to amend.

21    I.     SCREENING STANDARDS

22         The court is required to screen complaints brought by prisoners seeking relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

25    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8  1227.

9       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

16  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

18  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

19  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

20  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

21  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

22  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23  II.    PLAINTIFF'S AMENDED COMPLAINT

24       At all times relevant to the allegations in the amended complaint, plaintiff was an inmate

25  at the Sacramento County Main Jail.  It remains unclear whether plaintiff is a pretrial detainee or

26  serving a sentence.  Plaintiff sues Sacramento County Sheriff's Deputy Garcia, Badge #211.

27       On April 12, 2024, plaintiff filed a grievance against defendant Garcia for starting an

28  argument over plaintiff's intercom.  (ECF No. 10 at 2.)  The next day, plaintiff alleges that

1  defendant Garcia "wrote plaintiff up" for allegedly running a store.  (Id.)  Plaintiff alleges that

2  defendant's actions in writing up plaintiff constitute retaliation.  (Id.)

3  III.    DISCUSSION

4       Plaintiff has clarified his allegations as to defendant Garcia, and such allegations state a

5  potentially cognizable First Amendment retaliation claim.[1]  However, plaintiff filed his amended

6  complaint on a "Commendation/Complaint Form" provided by the Office of the Inspector

7  General.  (ECF No. 10.)  This form does not provide key information required to constitute a

8  federal civil rights complaint and does not bear plaintiff's signature.  Fed. R. Civ. P. 10(a); 11(a)

9  (parties proceeding without counsel are required to sign all pleadings, motions, and other papers

10  submitted to the court for filing).  In addition, plaintiff did not identify what relief he seeks.

11  Because of these deficiencies, plaintiff's first amended complaint must be dismissed.

12  IV.    LEAVE TO AMEND

13       The Court dismisses the first amended complaint with leave to file a second amended

14  complaint, but plaintiff is required to file his second amended complaint on the Court's civil

15  rights complaint form.  If plaintiff wishes, he may append a copy of page two from his first

16  amended complaint as the supporting facts for his retaliation claim against defendant Garcia.

17       Plaintiff is granted leave to amend solely as to his retaliation claim against defendant

18  Garcia.  Plaintiff is not granted leave to add additional defendants or new claims to his second

19  amended complaint.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

21  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

22  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

23  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

24

25  [1]  A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

26  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

27  408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, plaintiff must demonstrate a nexus between the alleged retaliatory act and the protected activity.  Grenning v.

28  Klemme, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).

1  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

2  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

3  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

4  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

5  268 (9th Cir. 1982).

6          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8  complaint be complete in itself without reference to any prior pleading.  This requirement exists

9  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

10  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

11  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

12  omitted)).  Once plaintiff files a second amended complaint, the original pleading no longer

13  serves any function in the case.  Therefore, in the second amended complaint, as in an original

14  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15          In accordance with the above, IT IS HEREBY ORDERED that:

16          1. Plaintiff's first amended complaint (ECF No. 10) is dismissed.

17          2. Within thirty days from the date of this order, plaintiff shall complete the attached

18  Notice of Amendment and submit the following documents to the court:

19                  a. The completed Notice of Amendment; and

20                  b. An original of the Second Amended Complaint.

21  Plaintiff's second amended complaint must be filed on this Court's civil rights complaint form

22  and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil

23  Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the

24  docket number assigned to this case, must be labeled "Second Amended Complaint," and must

25  bear plaintiff's signature.  Failure to file a second amended complaint in accordance with this

26  order may result in the dismissal of this action.

27  ///

28  ///

4

3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner, as well as a copy of plaintiff's first amended complaint (ECF No. 10).

Dated:  September 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jack1513.lta2

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

ELIJAH LEE JACKSON,

No.  2:24-cv-1513 CSK P

Plaintiff,

12
13

v.

NOTICE OF AMENDMENT

14

GARCIA,

15

Defendant.

16
17

    Plaintiff submits the following document in compliance with the court's order

18

filed on _____ (date).

19
20

[  ]    Second Amended Complaint

21

(Check this box if submitting a Second Amended Complaint)

22

DATED:

23

_____
Plaintiff

24
25
26
27
28